MAX LANDOW, PLAINTIFF-RESPONDENT, v. LOUIS VILEN-
SKY AND BESSIE VILENSKY, DEFENDANTS-APPEL-
LANTS.

Submitted October 12, 1928—Decided March 28, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellant, *John Rauffenbart.*

For the respondent, *Morris Bloom.*

PER CURIAM.

The trial judge directed a verdict for the plaintiff in this
cause and then granted the defendants a rule to show cause
reserving exceptions, which rule was duly argued and was
afterward discharged. The case comes before us on an appeal
from the judgment below. We fail to find any ruling of the
trial court to which proper exception was taken, which is
brought to us for review. There were several exceptions dur-
ing the course of the trial but none of these is assigned for
error in the grounds of appeal. These latter are four in
number. The first is, "no sale was made nor was any service
performed which entitled plaintiff to a recovery upon the con-
tract sued on." The second is, "the right of plaintiff to a
recovery was contingent upon the occurrence of a day of final
settlement under the contract, and no day of final settle-
ment occurred and no final settlement was had." The third

is, "the contract is contrary to public policy and unenforceable."

No one of these three grounds challenges any ruling of the trial court; they merely state propositions of law, of fact, or of mixed law and fact. It is, of course, settled that reversal cannot be had upon grounds such as these.

The fourth ground is, that "the learned trial judge erroneously directed a verdict for the plaintiff." Page 35. This is a proper ground of appeal, but unfortunately it is not supported by any exception taken at the time, and the rule is likewise well settled that unless there is an exception there is nothing to review.

The judgment will be affirmed.